CHARLES H. SHERMAN *vs.* JACOB FAVOUR.

The keeper of a dog is liable, under Rev. Sts. c. 58, § 13, for double the amount of dam-
ages sustained in consequence of a sudden attack by the dog upon the plaintiff's horse,
and barking and leaping at the horse's head, and thereby frightening him and rendering
him unmanageable.

TORT for damages sustained in consequence of an attack by
a dog upon the plaintiff's horse. At the trial in the superior
court there was evidence tending to show that while the plain-
tiff's servant was driving the plaintiff's horse and chaise in a
public street in Natick, a dog kept by the defendant made a
sudden rush at the horse, and barked and leaped violently at the
horse's head, thereby frightening him; and while the driver was
endeavoring to control and guide him, one of the reins broke,
and the chaise struck against a post on the side of the road and
was broken.

The defendant requested the court to instruct the jury that if the rein broke from any latent defect therein, and such breaking contributed to the accident, the plaintiff could not recover; but *Ames*, J. declined so to rule, and instructed the jury that if the attack of the dog was the sole proximate cause whereby the horse became unmanageable, the defendant was responsible; that if, in consequence of the horse being so rendered unmanageable, the rein broke, so that by the breaking of the rein the chaise was brought against the post, the injury to the chaise would not be so remote from the original cause as to relieve the defendant of responsibility; that it was incumbent on the plaintiff to prove ordinary care on the part of the driver, and also that the chaise and harness were safe and substantial; and if the rein to all appearance was sound, and of full size and apparent strength, it would be no want of ordinary care if, on trial under the circumstances above supposed, it gave way from any latent defect not previously suspected, and not discoverable by ordinary care. No evidence other than the fact that the rein broke was offered to show any latent or other defect in the rein.

The jury found for the plaintiff, and the defendant alleged exceptions.

*J. W. Bacon*, for the defendant.

*T. H. Sweetser*, for the plaintiff.

BIGELOW, C. J. We can see no good reason for giving to the language of the statute, under which this action was brought, (Rev. Sts. *c.* 58, § 13,) the restricted meaning for which the defendant contends. It is general in its terms, and was doubtless intended to provide a remedy co-extensive with the mischief, which any person might sustain by reason of any act of a dog, which occasioned injury to him or his property, as well as to inflict a penalty on the owner or keeper for harboring an animal of evil propensities. We do not mean to say that any liability would be incurred for an accident or injury caused by the mere presence or passing of a dog, when no act is done or attack made by him; as, for instance, where a horse is frightened merely by seeing a dog lying or running in the street. In such

case, the dog would be only the passive cause of the injury. But when, as in the present case, the injury happens in consequence of the direct attack of the dog on the plaintiff's horse, the mode in which it is made is wholly immaterial, whether by jumping and barking, or by an actual assault. In either case, the act of the dog is the efficient and proximate cause of the injury.

This case does not resemble the case of *Marble* v. *Worcester*, 4 Gray, 395. There a much greater interval of time and space intervened between the alleged cause of the injury and the actual occurrence of the accident which caused the damage, so that it was impossible to say with certainty, that the defect in the highway was the direct and proximate cause of the injury. Such is not the case here. The fright of the horse and the consequences which immediately followed were caused solely and proximately by the attack of the dog.

*Exceptions overruled.*